J-S15013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JONATHAN ROBINS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LUCILLE FREEMAN, | |
| Appellee | No. 2111 EDA 2015 |

Appeal from the Order April 23, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2015-00616

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED MARCH 03, 2016**

Jonathan Robins (Appellant) appeals *pro se* from the order, dated April 23, 2015, issued by Support Master Anderman (the Master) that denied Appellant's Petition for Recovery of Overpayment (Petition).  For the reasons stated below, we affirm.[1]

Appellant, who is presently incarcerated at SCI Rockview, filed the Petition, which was heard by the Master and then denied.[2]  The trial court confirmed the Master's order when serving as the motions judge, which

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Lucille Freeman, Appellee, has not filed a brief in connection with this appeal.

[2] The Master noted in his order that the "case involved welfare fraud [and] is for [the] Department's consideration."  Order, 4/23/15.

rendered the Master's order a final order. Then, on May 11, 2015, Appellant filed an appeal directly with this Court. He failed to file an appeal and/or request a *de novo* hearing before the trial court; thus, he failed to comply with the procedures contained in the Pennsylvania Rules of Civil Procedure or in the Important Legal Notice found in the Master's order.

Specifically, Pa.R.C.P. 1910.11 directs in pertinent part:

(f) If an agreement for support is not reached at the conference, the court, without hearing the parties, shall enter an interim order calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e). Each party shall be provided, either in person at the time of the conference or by mail, with a copy of the interim order and written notice that any party may, within twenty days after the date of receipt or the date of the mailing of the interim order, whichever occurs first, file a written demand with the domestic relations section for a hearing before the court.

(g) A demand for a hearing before the court shall not stay the interim order entered under subdivision (f) unless the court so directs.

(h) If no party demands a hearing before the court within the twenty day period, the interim order shall constitute a final order.

(i) If a demand is filed, there shall be a hearing de novo before the court. The domestic relations section shall schedule the hearing and give notice to the parties. The court shall hear the case and enter a final order substantially in the form set forth in Rule 1910.27(e) within sixty days from the date of the written demand for hearing.

Rule 1910.11(f)-(i). Moreover, the language contained in the Important Legal Notice section of the Master's order states:

Each party has the right to file a written demand for a <u>de novo</u> Hearing before a Judge within twenty (20) days after the date of

receipt of these Recommendations or the date of the mailing of these Recommendations, whichever occurs first.

Master's Order, 4/23/15.

We further note that while Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, he filed the statement with the Domestic Relations Office and not with the trial court as directed by the trial court's order entered on July 8, 2015. Therefore, in its opinion filed in conjunction with this appeal, the court explained:

> This Court does not have the facts necessary to write an appropriate and thorough Opinion. This Court notes that Appellant did not appeal the Master's Order to this Court; thus, this Court did not preside over this case such that a record of the facts and arguments exists. The Master's Hearing was not recorded, there are no records in the Domestic Relations Office file, and there are no written transcripts. Appellant also filed his appeal directly with the Superior Court instead of properly with the trial court. Th[e] [Master's] Order was subsequently signed by this Court while serving as Motion Judge. Appellant failed to appeal the Master's Recommendation and never requested a de novo hearing. Due to these errors[,] this Court is lacking both the factual background of this case as well as any idea of what facts and legal issues Appellant plans to focus on in his appeal.

Trial Court Opinion, 8/18/15, at 2.

The trial court suggests that this Court quash Appellant's appeal. However, rather than quash the appeal, we affirm the order from which Appellant has appealed. "[Q]uashal generally is reserved for scenarios where the underlying order is interlocutory or untimely, or the appellate court lacks jurisdiction." *In re C.S.M.F.*, 89 A.3e 670, 673 (Pa. Super. 2014). "[T]he proper consequence of a procedural misstep that does not

- 3 -

implicate finality, timeliness, or jurisdiction, is a waiver of the substantive claims that would be raised on appeal." *Id.* at 674.

Here, Appellant failed to follow the proper procedures required to have the Master's decision reviewed. Moreover, due to Appellant's mistakes, no record exists that this Court can review. Accordingly, we conclude that any issue that Appellant wishes to now have reviewed must be deemed waived.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016